IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER V.,[1]                      1:19-cv-01378-BR

       Plaintiff,                      OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

JOHN E. HAAPALA, JR.
401 E. 10th Ave., Ste. 240
Eugene, OR  97401
(541) 345-8474

      Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3705

       Attorneys for Defendant

**BROWN, Senior Judge.**

      Plaintiff Christopher V. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

      On January 12, 2018, Plaintiff protectively filed his

2 - OPINION AND ORDER

applications for DIB and SSI benefits.  Tr. 27, 264, 269.[2]
Plaintiff alleges a disability onset date of February 20, 2017.
Tr. 27, 264.  Plaintiff's applications were denied initially and
on reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on April 16, 2019.  Tr. 60-90.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.

On May 1, 2019, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 27-39.  Plaintiff requested review by the
Appeals Council.  On July 3, 2019, the Appeals Council denied
Plaintiff's request to review the ALJ's decision, and the ALJ's
decision became the final decision of the Commissioner.
Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On August 28, 2019, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on February 7, 1984.  Tr. 37, 264.

---

[2] Citations to the official Transcript of Record (#9) filed
by the Commissioner on January 31, 2020, are referred to as
"Tr."

3 - OPINION AND ORDER

Plaintiff was 33 years old on his alleged disability onset date. Tr. 37.  Plaintiff has a high-school education.  Tr. 37. Plaintiff has past relevant work experience as a theater manager, machinist, store laborer, and service-station attendant.  Tr. 37.

Plaintiff alleges disability due to Type I diabetes, major depression, general anxiety disorder, other mood disorders, neuropathy, chronic migraines, spondylosis, scoliosis, insomnia, and methicillin-resistant staphylococcus aureus (MRSA). Tr. 100.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 33-37.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when

there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence.  *McLeod v. Astrue*,

640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,*

276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole.  42

U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,

682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as

adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

(9th Cir. 2009)).  "It is more than a mere scintilla [of

evidence] but less than a preponderance."  *Id.* (citing

*Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's

testimony, resolving conflicts in the medical evidence, and

resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591

(9th Cir. 2009).  The court must weigh all of the evidence

whether it supports or detracts from the Commissioner's

decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner

6 - OPINION AND ORDER

determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here
the burden shifts to the Commissioner to show a significant
number of jobs exist in the national economy that the claimant
can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d
1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this
burden through the testimony of a VE or by reference to the
Medical-Vocational Guidelines (or the grids) set forth in the
regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If
the Commissioner meets this burden, the claimant is not
disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since February 20, 2017,
Plaintiff's alleged disability onset date.  Tr. 29.

At Step Two the ALJ found Plaintiff has the severe
impairments of diabetes mellitus with peripheral neuropathy,
lumbar spine degenerative disc disease, obesity, major

8 - OPINION AND ORDER

depressive, anxiety disorder, and avoidant personality disorder. Tr. 29.  The ALJ also noted Plaintiff has a history of migraines.  Tr. 29.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 30.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can climb ramps and stairs; can stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, and scaffolds; cannot tolerate exposure to extreme cold and heat; must avoid concentrated exposure to work-place hazards such as moving machinery; can understand, remember, and carry out simple, routine, and repetitive tasks; and can only have occasional contact with the public.  Tr. 32.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work.  Tr. 37.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as photocopy-machine operator, small-product assembler, and inserting-machine operator.  Tr. 38.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 38-39.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to provide legally sufficient reasons for rejecting the medical opinion of Thomas Shields, Ph.D., examining psychologist, and for discounting the medical opinion of Scott Alvord, Psy.D., examining psychologist, and (2) failed to evaluate properly the lay-witness testimony of Noelle V., Plaintiff's sister, and Julianne V., Plaintiff's wife.

**I.    The ALJ did not err in her evaluation of the medical opinions of Drs. Shields and Alvord.**

Plaintiff contends the ALJ failed to properly evaluate the medical opinions of Drs. Shields and Alvord, examining psychologists.

**A.    Standards**

The Court notes the regulations regarding evaluation of medical evidence have been amended and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded for claims protectively filed after March 27, 2017. The new regulations provide the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence*

10 - OPINION AND ORDER

(*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at
5867-68 (Jan. 18, 2017).  *See* 20 C.F.R. §§ 404.1520c(a),
416.920c(a).  Instead the Commissioner must consider all medical
opinions and "evaluate their persuasiveness" based on
"supportability" and "consistency" using the factors specified
in the regulations.  20 C.F.R. §§ 404.1520c(c), 416.920c(c).
Those factors include "supportability," "consistency,"
"relationship with the claimant," "specialization," and "other
factors."  *Id.*  The factors of "supportability" and
"consistency" are considered to be "the most important factors"
in the evaluation process.  *Id.*  *See also Revisions to Rules*, 82
Fed. Reg. 5844.

        In addition, the regulations change the way the
Commissioner should articulate his consideration of medical
opinions.

> First, we will articulate our consideration of
> medical opinions from all medical sources
> regardless of whether the medical source is an
> AMS [Acceptable Medical Source].  Second, we will
> always discuss the factors of supportability and
> consistency because those are the most important
> factors.  Generally, we are not required to
> articulate how we considered the other factors
> set forth in our rules.  However, when we find
> that two or more medical opinions . . . about the
> same issue are equally well-supported and
> consistent with the record but are not exactly
> the same, we will articulate how we considered
> the other most persuasive factors.  Third, we

> added guidance about when articulating our
> consideration of the other factors is required or
> discretionary.  Fourth, we will discuss how
> persuasive we find a medical opinion instead of
> giving a specific weight to it.  Finally, we
> will discuss how we consider all of a medical
> source's medical opinions together instead of
> individually.

*Revisions to Rules*, 82 Fed. Reg. 5844.

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [she] considered the medical opinions" and "how persuasive [she] find[s] all of the medical opinions."  20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1).  In addition, the ALJ is required to "explain how [she] considered the supportability and consistency factors" for a medical opinion.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Accordingly, the court must evaluate whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion.

    **B.  Analysis**

        **1.  Dr. Shields**

On June 19, 2018, Dr. Shields performed a Psychological Evaluation of Plaintiff to determine Plaintiff's ability to "understand and remember instructions"; to "sustain

concentration and attention, and persist"; and to "engage in
appropriate social interaction."  Tr. 729-33.  Dr. Shields
diagnosed Plaintiff with moderate major depressive disorder with
"generalized anxious features"; chronic lower-back, upper-back,
and hip pain; muscle spasms; poorly controlled Type I diabetes;
gastroesophageal reflux disease (GERD); hypertension; high
cholesterol; scoliosis; spondylosis; peripheral neuropathy;
diabetic retinopathy; and chronic migraine headaches.
Dr. Shields also noted Plaintiff has a history of MRSA
outbreaks.  Tr. 733.  Dr. Shields found Plaintiff "appears"
capable of understanding, remembering, and carrying out both
simple and detailed instructions, but he would "likely have some
difficulty sustaining concentration on tasks over extended
periods of time."  Tr. 733.  Dr. Shields also concluded
Plaintiff's persistence and pace would be "modestly impacted" by
his "moderate" depression and anxiety.  Tr. 733.  Dr. Shields
noted Plaintiff appeared mildly depressed, but Plaintiff's
affect was appropriate and he "abides by typical rules of social
discourse."  Tr. 732.  Dr. Shields also found Plaintiff's
intellect was in the "average range"; his thought process was
"sequential and goal-directed"; and there was not any
indication of "pressured thinking, derailment, delusional

13 - OPINION AND ORDER

thinking, or hallucinosis."  Tr. 732.

Plaintiff contends the ALJ failed to include in his assessment of Plaintiff's RFC any limitations found by Dr. Shields related to pace, persistence, or difficulty sustaining concentration; failed to reject those limitations specifically; and failed to include those limitations in his hypothetical to the VE.

The ALJ found Dr. Shields's opinion "somewhat persuasive" on the ground that it was consistent with Plaintiff's "near-normal objective mental status examination results (including normal interpersonal communication and good concentration and memory results)."  Tr. 37.  The ALJ, however, "rephrased" Dr. Shields's language "to be more specific and more applicable to a work-related analysis" (Tr. 37) and limited Plaintiff to "simple, routine, repetitive tasks" with limited public contact.  Tr. 32.

As noted, under the new Social Security Regulations "consistency" is one of the most important factors to be considered in the evaluation of medical opinions.  The ALJ found Dr. Shields's opinion to be consistent with the medical record and with his examination results.  The ALJ also found Dr. Shields's opinion was consistent with the July 3, 2018,

opinion of Irmgard Friedburg, Ph.D., and the September 25, 2018,
opinion of Frank Gonzales, Ph.D., state-agency reviewing
psychologists who found Plaintiff was limited to simple tasks
with incidental public contact.  Tr. 112-13, 156, 181.  Thus,
the record does not reflect the ALJ rejected the opinion of
Dr. Shields.

On this record the Court concludes the ALJ did
not err in her evaluation of the persuasiveness of Dr. Shields's
medical opinion because the ALJ's determination was supported by
substantial evidence in the record.

**2.    Dr. Alvord**

On March 14, 2019, Dr. Alvord performed a
consultative Psychological Evaluation of Plaintiff.  Tr. 1428-
36.  Dr. Alvord diagnosed Plaintiff with Bipolar II, Anxiety
Disorder not otherwise specified, and Avoidant Personality
Traits.  Tr. 1431.  In his Medical Source Statement Dr. Alvord
stated Plaintiff has mild impairments in his ability to
remember, to understand, and to carry out simple instructions.
Tr. 1433.  He also found Plaintiff has moderate impairment in
his ability to make simple and complex work-related decisions
and to understand, to remember, and to carry out complex
instructions.  Tr. 1433.  He also indicated Plaintiff is

15 - OPINION AND ORDER

moderately impaired in his ability to interact with the public,
supervisors, and coworkers and to respond appropriately to
routine work situations and to changes in routine work settings.
Tr. 1433.  Dr. Alvord also opined Plaintiff would be off-task
for ten percent of a normal workday and would miss two days of
work per month.  Tr. 1435.

The ALJ concluded Dr. Alvord's opinion was "not
persuasive" on the grounds that it was internally inconsistent
and was not supported by the medical records.  Tr. 36.  For
example, the ALJ noted Dr. Alvord assessed Plaintiff with only
"moderate" impairments, which was defined in the Medical Source
Statement as "the individual is still able to function
satisfactorily".  Tr. 143.  Moreover, although Dr. Alvord
indicated Plaintiff was withdrawn, had slow psychomotor
activity, and had low-average intellectual functioning,
Dr. Alvord also noted Plaintiff had "normal thought content,"
attention, concentration, abstract thinking, insight, and
judgment; had near-normal speech; was aware of person, place,
purpose, and date; and had adequate long-term and short-term
memory.  Tr. 1430.

On this record the Court concludes the ALJ did
not err when she evaluated the persuasiveness of Dr. Alvord's

medical opinion because the ALJ's determination was supported by substantial evidence in the record.

In summary, the Court concludes the ALJ properly evaluated the medical evidence pursuant to the new Social Security Regulations and properly considered the supportability and consistency of the medical opinions when she determined the persuasiveness of those opinions.

## II.  The ALJ's failure to articulate her consideration of lay-witness statements is harmless error.

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for rejecting the lay-witness statements of Noelle V., Plaintiff's sister, and Julianne V., Plaintiff's wife, regarding Plaintiff's symptoms.

### A.    Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for rejecting lay-witness testimony must also be "specific."  *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006).  Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and

17 - OPINION AND ORDER

the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

The ALJ is not required, however, "to discuss every witness's testimony on a[n] individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). Although the ALJ must consider evidence from nonmedical sources pursuant to §§ 404.1520c(d) and 416.920c(d) of the new Social Security Regulations, the ALJ is "not required to articulate how [she] consider[s] evidence from nonmedical sources" and she does not have to use the same criteria as required for medical sources. The Social Security Regulations, however, do not eliminate the need for the ALJ to articulate her analysis of lay-witness statements.

**B.   Analysis**

On March 21, 2018, Noelle V., Plaintiff's sister, completed an Adult Third-Party Function Report. Tr. 323-30. She indicated Plaintiff is unable to drive, is unable to be

around people for more than 30 minutes, has problems with
balance, is unable to stand for extended amounts of time, is
constantly ill, and has "a hard time" focusing.  Tr. 323.  She
also states Plaintiff's memory and his ability to follow
instructions, to stand, to walk, to squat, to bend, to kneel,
and to reach are limited by his impairments.  Tr. 328.  She
notes Plaintiff is unable to handle stress and has unusual
behaviors of excessive anger and anxiety.  Tr. 329.

On April 17, 2019, Julianne V., Plaintiff's wife,
wrote a letter on his behalf.  Tr. 363-64.  She states
Plaintiff's memory has become steadily worse since the summer of
2017 and that Plaintiff has panic attacks on a daily basis, can
barely stand on his own, and has difficulty walking due to
balance issues.  Tr. 363.  She notes Plaintiff's mood fluctuates
and his glucose levels fall dangerously low causing him to be
irritable and agitated.  Tr. 363.  She states Plaintiff requires
help getting dressed and showering.  Tr. 363.

The ALJ stated she reviewed and considered the
statements of Noelle V. and Julianne V., but the ALJ concluded
their statements were not persuasive because they were not
medical opinions or administrative findings.  Tr. 36.  The ALJ
did not provide any further analysis to support her conclusion.

Although the ALJ is not required to address the same factors as required for medical sources, she is still required to articulate her analysis of such evidence.  The Commissioner concedes the ALJ "violated the text of the new regulations" in her evaluation of the statements of Noelle V. and Julianne V. Nevertheless, the Commissioner contends it was harmless error on the ground that the lay-witness statements are similar to the symptom testimony of Plaintiff that the ALJ properly rejected. In her opinion the ALJ identified inconsistencies between Plaintiff's symptom testimony and the medical evidence and concluded Plaintiff's testimony was unreliable.  Tr. 33-36. Plaintiff did not challenge the ALJ's finding.

On this record the Court concludes the ALJ erred when she failed to articulate her reasons for discounting Noelle V. and Julianne V.'s statement.  To the extent that the ALJ erred, however, the Court concludes the error was harmless because the ALJ provided sufficient reasons for rejecting similar testimony from Plaintiff.  *See Molina v. Astrue*, 674 F.3d 1104, 1116-17 (9th Cir. 2012)(failure to address lay-witness testimony is harmless error if the ALJ provided sufficient reasons for rejecting similar testimony).

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 17th day of September, 2020.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

21 - OPINION AND ORDER